UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANTOS OVALLE,<br><br>  Plaintiff,<br><br>  v.<br><br>ORANGE COUNTY SHERIFF DEPARTMENT, et al.,<br><br>  Defendants. | Case No. 8:22-cv-02198-MCS-KES<br><br>ORDER DISMISSING ACTION WITHOUT PREJUDICE FOR LACK OF PROSECUTION |

## I.

## BACKGROUND

In December 2022, the Court received a civil Complaint alleging violations of 42 U.S.C. § 1983 from Santos Ovalle ("Plaintiff"). (Dkt. 1.) Plaintiff currently resides at the Coalinga State Mental Hospital. (Id. at 11.)[1] At the time of the events alleged in the Complaint, he had completed a state prison sentence and was awaiting civil commitment proceedings under California's Sexually Violent

---

[1] Page citations refer to the pagination imposed by the Court's electronic filing system.

1

Predator Act. (Id. at 17.) The Complaint alleged that, while he was housed at the Orange County Jail in connection with those civil commitment proceedings, unknown deputies shot at him "through the vents of the cell" with BB pellets, which caused him to quickly develop "gangrene" and eventually have several fingers amputated. (Id. at 14-15.) The Complaint brought § 1983 claims against the Orange County Sheriff's Department, three named deputies, two John Doe deputies (the alleged shooters), and three doctors who treated Plaintiff's injuries.

Because Plaintiff requested to proceed in forma pauperis and waive the filing fee (Dkt. 2, 5, 8), the Court screened Plaintiff's Complaint under 28 U.S.C. § 1915(e)(2). See Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc) ("[S]ection 1915(e) applies to all in forma pauperis complaints, not just those filed by prisoners."). On January 20, 2023, the Court issued an order finding the Complaint failed to state a claim and dismissing it with leave to amend. (Dkt. 10.) Regarding John Doe deputies, the Court found Plaintiff needed to add more facts about how they shot him and when he developed gangrene. (Id. at 4.) Regarding the other deputies, the Court found Plaintiff needed to add more facts about their involvement in the incident and what he claimed they did to violate his rights. (Id. at 4-5.) Regarding the Sheriff's Department and the official capacity claims against the deputies, the Court found the Complaint did not allege a custom, policy or practice as required by Monell v. Department of Social Services, 436 U.S. 658 (1978). (Dkt. 10 at 5-6.) Regarding the doctors, the Court found that private doctors who provide emergency medical services to state inmates are generally not considered state actors under § 1983. (Id. at 6-7.)

Plaintiff's response to the dismissal order was due on February 21, 2023. (Id. at 7.) As of the date of this order, the Court has not received any further filings from Plaintiff.

## II.

## LEGAL STANDARD

A district court may dismiss an action for failure to prosecute, failure to follow court orders, or failure to comply with the federal or local rules. See Fed. R. Civ. P. 41(b); Link v. Wabash R. Co., 370 U.S. 626, 629-30 (1962); Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam). Central District of California Local Rule 41-1 provides, "Civil suits which have been pending for an unreasonable period of time without any action having been taken therein may, after notice, be dismissed for want of prosecution."[2]

The Court has discretion to dismiss the action with or without prejudice. See Fed. R. Civ. P. 41(b) ("[u]nless the dismissal order states otherwise," or certain exceptions apply, a dismissal pursuant to Federal Rule of Civil Procedure 41(b) "operates as an adjudication on the merits"); Local Rule 41-2 ("[u]nless the Court provides otherwise, any dismissal pursuant to [Local Rule] 41-1 shall be without prejudice"); Al-Torki v. Kaempen, 78 F.3d 1381, 1385 (9th Cir. 1996) ("Dismissal with prejudice and default on counterclaims, for willful and inexcusable failure to prosecute, are proper exercises of discretion under Federal Rules of Civil Procedure 41(b), 16(f), and the inherent power of the court.").

In determining whether to dismiss a case for failure to prosecute or failure to comply with court orders, the Ninth Circuit has instructed district courts to consider the following five factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the availability of less drastic sanctions; and (5) the public policy favoring disposition of cases on their merits. In re Phenylpropanolamine (PPA)

---

[2] The Local Rules of the U.S. District Court for the Central District of California are available online at: https://www.cacd.uscourts.gov/court-procedures/local-rules.

Prods. Liab. Litig., 460 F.3d 1217, 1226 (9th Cir. 2006).  The test is not "mechanical," but provides a "non-exhaustive list of things" to "think about." Valley Eng'rs v. Elec. Eng'g Co., 158 F.3d 1051, 1057 (9th Cir. 1998).

### III.

### DISCUSSION

Here, the first two factors favor dismissal.  The first factor—the public's interest in the expeditious resolution of litigation—"always favors dismissal." Yourish v. Cal. Amplifier, 191 F.3d 983, 990 (9th Cir. 1999).  The second factor—the Court's need to manage its docket—favors dismissal here because Plaintiff's "noncompliance has caused [this] action to come to a complete halt, thereby allowing [him] to control the pace of the docket rather than the Court."  Id. (internal quotations marks omitted).

The third factor—prejudice to Defendants—weighs in favor of dismissal, although perhaps not as strongly as some of the other factors.  Because this Court dismissed the complaint on screening, Defendants have not been served.  See Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) ("We have previously recognized that pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal."); Hunter v. Sandoval, No. 17-cv-09257-CJC-SHK, 2018 U.S. Dist. LEXIS 210543 at *5, 2018 WL 6570870 at *2 (C.D. Cal. Dec. 12, 2018) (finding no prejudice to a defendant who had not yet been served).  On the other hand, a rebuttable presumption of prejudice to the defendants arises when a plaintiff unreasonably delays prosecution of an action, In re Eisen, 31 F.3d 1447, 1452-53 (9th Cir. 1994), and unnecessary delay "inherently increases the risk that witnesses' memories will fade and evidence will become stale."  Pagtalunan, 291 F.3d at 643.

The fourth factor—availability of less drastic sanctions—favors dismissal. The Court's prior order warned Plaintiff that failure to respond might result in a dismissal of this action. (Dkt. 10 at 7.)  See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992) ("a district court's warning to a party that his failure to obey

the court's order will result in dismissal can satisfy the 'consideration of alternatives' requirement") (citation omitted).

The fifth factor—public policy favoring a disposition of an action on its merits—arguably weighs against dismissal here. Pagtalunan, 291 F.3d at 643. However, the effect of this factor is somewhat mitigated by the fact that Plaintiff's Complaint failed to state a claim for relief for the reasons explained in the Court's January 20, 2023 dismissal order. (Dkt. 10.)

Given that the enumerated factors largely support dismissal, this action will be dismissed pursuant to Rule 41(b) and Local Rule 41-1. Considering all of the circumstances, and in particular given that Plaintiff is proceeding pro se, the dismissal shall be without prejudice.

## IV.
## CONCLUSION

IT IS THEREFORE ORDERED that Judgment will be entered dismissing this action without prejudice for failure to prosecute.

DATED: March 9, 2023

MARK C. SCARSI
UNITED STATES DISTRICT JUDGE

Presented by:

KAREN E. SCOTT
UNITED STATES MAGISTRATE JUDGE